Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
LASHANNA L. PATTON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

LASHANNA L. PATTON,

                Plaintiff,

v.

PROBER & RAPHAEL, A LAW CORPORATION, a California corporation; DEAN RUSSELL PROBER, individually and in his official capacity; and HOMAN MOBASSER, individually and in his official capacity,

                Defendants.

Case No. CV11-01458

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

    Plaintiff, LASHANNA L. PATTON, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

    1.    This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

- 1 -
COMPLAINT

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V. PARTIES

6. Plaintiff, LASHANNA L. PATTON (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, PROBER & RAPHAEL, A LAW CORPORATION (hereinafter "PROBER & RAPHAEL"), is a California corporation engaged in the business of collecting consumer debts in this state with its principal place of business located at: 20750 Ventura Boulevard, Suite 100,

Woodland Hills, California 91364. PROBER & RAPHAEL may be served at the address of its Agent for Service of Process at: Prober & Raphael, A Law Corporation, c/o Dean Prober, Agent for Service, 20750 Ventura Boulevard, Suite 100, Woodland Hills, California 91364. The principal business of PROBER & RAPHAEL is the collection of consumer debts using the mails and telephone, and PROBER & RAPHAEL regularly attempts to collect consumer debts alleged to be due another. PROBER & RAPHAEL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, DEAN RUSSELL PROBER (hereinafter "PROBER"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, officer and/or director of PROBER & RAPHAEL at all relevant times. PROBER may be served at his current business address at: Dean Russell Prober, Prober & Raphael, A Law Corporation, 20750 Ventura Boulevard, Suite 100, Woodland Hills, California 91364. PROBER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that PROBER is liable for the acts of PROBER & RAPHAEL because he sets and approves PROBER & RAPHAEL collection policies, practices, procedures and he directed the unlawful activities described herein.

9. Defendant, HOMAN MOBASSER (hereinafter "MOBASSER"), is a natural person, a licensed attorney in the state of California, and is or was an employee and/or agent of PROBER & RAPHAEL at all relevant times. MOBASSER may be served at his current residence address at: Homan Mobasser, 17449 Martha Street, Encino, California 91316. MOBASSER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency,

service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

11. On or about October 1, 2007, Plaintiff incurred a financial obligation, namely a consumer auto loan with Santa Clara County Federal Credit Union (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

12. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

13. Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15. The collection letter (Exhibit "1") is dated July 29, 2010.

16. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the debt.

17. The collection letter (Exhibit "1") states in relevant part:

Please be advised that if you notify my office within 30 days that all or a part of your obligation or judgment to SANTA CLARA COUNTY FEDERAL CREDIT UNION is disputed, then I will mail to you written verification of the obligation or judgment and the amounts owed to SANTA CLARA COUNTY FEDERAL CREDIT UNION. In addition, upon your request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

If I do not hear from you within 30 days, I will assume that your debt to SANTA

- 4 -
COMPLAINT

CLARA COUNTY FEDERAL CREDIT UNION is valid.

18. The collection letter (Exhibit "1") further states in relevant part:

**CONSUMER DISCLOSURE**

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify SANTA CLARA COUNTY FEDERAL CREDIT UNION's attorneys within 30 days that all or a part of your obligation or judgment to SANTA CLARA COUNTY FEDERAL CREDIT UNION is disputed, the SANTA CLARA COUNTY FEDERAL CREDIT UNION's attorneys will mail to you a written verification of the obligation or judgment and the amounts owed to SANTA CLARA COUNTY FEDERAL CREDIT UNION. In addition and upon your request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

21. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

22. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

23. Defendant, PROBER & RAPHAEL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

24. Defendant, PROBER, is a "debt collector" as that term is defined by the FDCPA,

- 5 -
COMPLAINT

15 U.S.C. § 1692a(6).

25. Defendant, MOBASSER, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

   a. Defendants misrepresented Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

   b. Defendants failed to send the Plaintiff a written notice containing a statement that unless the Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendants, in violation of 15 U.S.C. § 1692g(a)(3);

   c. Defendants misrepresented Plaintiff's right to obtain verification of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

   d. Defendants failed to send the Plaintiff a written notice containing a statement that if the Plaintiff notifies the Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4);

   e. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10); and

f. Defendants failed to send the Plaintiff a written notice containing a statement that upon the Plaintiff's *written* request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

28. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

29. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff brings the second claim for relief against Defendant, PROBER & RAPHAEL, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

31. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

32. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

33. Defendant, PROBER & RAPHAEL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

34. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

35. PROBER & RAPHAEL has violated the RFDCPA. The violations include, but are not limited to, the following:

a. PROBER & RAPHAEL misrepresented Plaintiff's right to dispute the debt,

in violation of Cal. Civil Code § 1788.17;[1]

    b.    PROBER & RAPHAEL failed to send the Plaintiff a written notice containing a statement that unless the Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendants, in violation of Cal. Civil Code § 1788.17;[2]

    c.    PROBER & RAPHAEL misrepresented Plaintiff's right to obtain verification of the debt, in violation of Cal. Civil Code § 1788.17;[3]

    d.    PROBER & RAPHAEL failed to send the Plaintiff a written notice containing a statement that if the Plaintiff notifies the Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of Cal. Civil Code § 1788.17;[4]

    e.    PROBER & RAPHAEL misrepresented Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor, in violation of Cal. Civil Code § 1788.17;[5] and

    f.    PROBER & RAPHAEL failed to send the Plaintiff a written notice containing a statement that upon the Plaintiff's *written* request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Cal. Civil Code § 1788.17.[6]

36.    PROBER & RAPHAEL's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code

---

[1] 15 U.S.C. §§ 1692e and 1692e(10).
[2] 15 U.S.C. § 1692g(a)(3).
[3] 15 U.S.C. §§ 1692e and 1692e(10).
[4] 15 U.S.C. § 1692g(a)(4).
[5] 15 U.S.C. §§ 1692e and 1692e(10).
[6] 15 U.S.C. § 1692g(a)(5).

§ 1788.30(b).

37. As a result of PROBER & RAPHAEL's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

38. As a result of PROBER & RAPHAEL's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[7]

39. As a result of PROBER & RAPHAEL's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[8]

40. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5);

c) Declare that PROBER & RAPHAEL violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

---

[7] 15 U.S.C.§ 1692k(a)(2)(A).
[8] 15 U.S.C.§ 1692k(a)(3).

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[9]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[10] and 1788.30(c); and

h) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
LASHANNA L. PATTON

---

[9] 15 U.S.C. § 1692k(a)(2)(A).
[10] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LASHANNA L. PATTON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

# PROBER P&R RAPHAEL

A LAW CORPORATION

DEAN R. PROBER
LEE S. RAPHAEL
CASSANDRA J. RICHEY
LUKE MILANO
DAVID F. MAKKABI
HOMAN MOBASSER
MELISSA A. VERMILLION
WILLIAM K. HONG

Of Counsel
ERIC A. ULLERICH

20750 VENTURA BOULEVARD, SUITE 100

WOODLAND HILLS, CALIFORNIA 91364

www.pralc.com

P.O. BOX 4365
WOODLAND HILLS, CALIFORNIA 91365
(818) 227-0100
FAX: (818) 227-0637

July 29, 2010

Lashanna L. Patton AKA Lashanna Patton
700 Fargo Avenue #9
San Leandro, CA 94579

**EXHIBIT 1**

Re: Account No. 14680-1
PR No. M.010-180

Dear Lashanna L. Patton AKA Lashanna Patton:

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. My office has been retained by SANTA CLARA COUNTY FEDERAL CREDIT UNION in order to obtain repayment of the sum of $30,443.45, together with accrued interest to which you are obligated under the terms of a contract and security agreement dated October 1, 2007.

I am, therefore, requesting that you contact this office so that I can arrange the terms of your repayment to SANTA CLARA COUNTY FEDERAL CREDIT UNION. As I am sure you know, if we are unable to work this matter out, and I am able to secure a judgment, you may be subject to payment of SANTA CLARA COUNTY FEDERAL CREDIT UNION's attorney's fees and costs incurred, as well as jeopardizing your credit.

Please be advised that if you notify my office within 30 days that all or a part of your obligation or judgment to SANTA CLARA COUNTY FEDERAL CREDIT UNION is disputed, then I will mail to you written verification of the obligation or judgment and the amounts owed to SANTA CLARA COUNTY FEDERAL CREDIT UNION. In addition, upon your request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

If I do not hear from you within 30 days, I will assume that your debt to SANTA CLARA COUNTY FEDERAL CREDIT UNION is valid.

Please be advised that the creditor is not obligated to wait 30 days before filing suit against you.

The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or

**PROBER & RAPHAEL**
A LAW CORPORATION

July 29, 2010
Page 2

misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Sincerely,

HOMAN MOBASSER
PROBER & RAPHAEL

## SPECIAL NOTICE

### THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify SANTA CLARA COUNTY FEDERAL CREDIT UNION's attorneys within 30 days that all or a part of your obligation or judgment to SANTA CLARA COUNTY FEDERAL CREDIT UNION is disputed, then SANTA CLARA COUNTY FEDERAL CREDIT UNION's attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to SANTA CLARA COUNTY FEDERAL CREDIT UNION In addition and upon your request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.