Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
LASHANNA L. PATTON

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

LASHANNA L. PATTON,

Plaintiff,

v.

PROBER & RAPHAEL, A LAW CORPORATION, a California corporation; DEAN RUSSELL PROBER, individually and in his official capacity; and HOMAN MOBASSER, individually and in his official capacity,

Defendants.

Case No. 4:11-CV-01458-PJH

**NOTICE OF MOTION; MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

| | |
|---|---|
| Date: | October 5, 2011 |
| Time: | 9:00 a.m. |
| Judge: | Honorable Phyllis J. Hamilton |
| Courtroom: | 3, 3rd Floor |
| Place: | 1301 Clay Street<br>Oakland, California |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 5, 2011, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above Court, located at 1301 Clay Street, Oakland, California, Plaintiff will move the Court for a default judgment as set forth herein.

The motion will be made pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and the applicable civil local rules, on the ground that Defendants failed to plead or otherwise defend this action within the time prescribed by the Federal Rules of Civil Procedure. The motion is based on this Notice of Motion, the Motion with Memorandum of Points and Authorities, Complaint, the Declaration of Fred W. Schwinn, the documents attached thereto, and such evidence as may be presented at the

hearing. Please note that Plaintiff and her counsel of record request that the Court determine this matter based on the paperwork herein (i.e., submitted on the papers) unless the Court requests oral argument or if this motion is opposed.

## POINTS AND AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT

### INTRODUCTION

This is a motion for default judgment against Defendants, PROBER & RAPHAEL, A LAW CORPORATION (hereinafter "PROBER & RAPHAEL"), DEAN RUSSELL PROBER (hereinafter "PROBER"), and HOMAN MOBASSER (hereinafter "MOBASSER") (collectively referred to as "Defendants"). This action was brought to redress Defendants' false, misleading and abusive attempts to collect a debt. Defendants violated the Federal Fair Debt Collection Practices Act (FDCPA), and the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), both of which prohibit debt collectors from engaging in unfair and deceptive practices. Plaintiff seeks an award of $3,000.00 in statutory damages and penalties together with $3,179.85 in attorney's fees and costs.

### PROCEDURAL HISTORY

PROBER & RAPHAEL was served with a Summons and Complaint in this case on April 1, 2011.[1] PROBER was served with a Summons and Complaint in this case on April 1, 2011.[2] MOBASSER was served with a Summons and Complaint in this case on April 1, 2011.[3] Defendants' default was entered on June 8, 2011.[4] Upon default, the well-pleaded allegations of the Complaint relating to liability are taken as true.[5] After a default is entered, the Court's attention is focused on issues relating to the quantity of damages, as opposed to issues of liability.[6] Here, however, the issues may be inextricable. Plaintiff seeks statutory damages under the Federal Fair Debt Collection Practices

---

1 Doc 5.
2 Doc 6.
3 Doc 6.
4 Docs 10 and 11.
5 *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987).
6 *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994).

Act (FDCPA) and the California Rosenthal Fair Debt Collection Practices Act (RDFCPA). In determining the amount of damages to award under the FDCPA the Court is to consider the nature of noncompliance, as well as the frequency and persistence of the noncompliance.[7] For this reason, the facts relating to Defendant's noncompliance with the law are discussed in some detail below.

**STATEMENT OF FACTS**

Plaintiff, LASHANNA L. PATTON (hereinafter "Plaintiff"), is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) and a "debtor" as defined by California Civil Code § 1788.2 and resided in Alameda County at all relevant times.[8] PROBER & RAPHAEL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).[9] PROBER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).[10] MOBASSER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).[11]

On or about October 1, 2007, Plaintiff incurred a financial obligation, namely a consumer auto loan with Santa Clara County Federal Credit Union (hereinafter "the debt").[12] The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).[13] Some time thereafter on a date unknown to the Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.[14]

Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).[15] The collection letter (Exhibit

[7] 15 U.S.C. § 1692k(b)(1).
[8] Complaint (Doc. 1) ¶ 6.
[9] Complaint (Doc. 1) ¶ 7.
[10] Complaint (Doc. 1) ¶ 8.
[11] Complaint (Doc. 1) ¶ 9.
[12] Complaint (Doc. 1) ¶ 11.
[13] Complaint (Doc. 1) ¶ 11.
[14] Complaint (Doc. 1) ¶ 12.
[15] Complaint (Doc. 1) ¶ 13.

"1") is dated July 29, 2010,[16] which was the first written communication from Defendants to Plaintiff in connection with the collection of the debt.[17] The collection letter (Exhibit "1") states in relevant part:

> Please be advised that if you notify my office within 30 days that all or a part of your obligation or judgment to SANTA CLARA COUNTY FEDERAL CREDIT UNION is disputed, then I will mail to you written verification of the obligation or judgment and the amounts owed to SANTA CLARA COUNTY FEDERAL CREDIT UNION. In addition, upon your request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If I do not hear from you within 30 days, I will assume that your debt to SANTA CLARA COUNTY FEDERAL CREDIT UNION is valid.[18]

The collection letter (Exhibit "1") further states in relevant part:

> **CONSUMER DISCLOSURE**
>
> This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify SANTA CLARA COUNTY FEDERAL CREDIT UNION's attorneys within 30 days that all or a part of your obligation or judgment to SANTA CLARA COUNTY FEDERAL CREDIT UNION is disputed, the SANTA CLARA COUNTY FEDERAL CREDIT UNION's attorneys will mail to you a written verification of the obligation or judgment and the amounts owed to SANTA CLARA COUNTY FEDERAL CREDIT UNION. In addition and upon your request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.[19]

Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5) by: misrepresenting Plaintiff's right to dispute the debt; failing to send Plaintiff a written notice containing a statement that unless Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants; misrepresenting Plaintiff's right to obtain verification of the debt; failing to send Plaintiff a written notice containing a statement that if the Plaintiff notifies the Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff;

---

[16] Complaint (Doc. 1) ¶ 15.
[17] Complaint (Doc. 1) ¶ 16.
[18] Complaint (Doc. 1) ¶ 17.
[19] Complaint (Doc. 1) ¶ 18.

misrepresenting Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor; and failing to send the Plaintiff a written notice containing a statement that upon the Plaintiff's *written* request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor.

Additionally, PROBER & RAPHAEL violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17 by: misrepresenting Plaintiff's right to dispute the debt; failing to send Plaintiff a written notice containing a statement that unless Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendants; misrepresenting Plaintiff's right to obtain verification of the debt; failing to send Plaintiff a written notice containing a statement that if the Plaintiff notifies the Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff; misrepresenting Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor; and failing to send the Plaintiff a written notice containing a statement that upon the Plaintiff's *written* request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor.

## PLAINTIFF SHOULD BE AWARDED STATUTORY DAMAGES

### A. PLAINTIFF SHOULD BE AWARDED $1,000 IN STATUTORY DAMAGES PURSUANT TO 15 U.S.C. § 1692k(a)(2)(A)

The FDCPA states that any debt collector who fails to comply with any provision is liable to such person in an amount equal to his/her actual damages, and in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000. 15 U.S.C. § 1692k(a)(2)(A). The act also provides that:

> In determining the amount of liability in any action under subsection (a),

> the court shall consider, among other relevant factors...the frequency and persistence of noncompliance by the debt collector, and the extent to which such noncompliance was intentional.

15 U.S.C. § 1692k(b)(1).

Here Defendants violated numerous sections of the FDCPA (as stated herein). Thus, the Plaintiff should be awarded the full $1,000 statutory award under the FDCPA.

**1. The "Least Sophisticated Consumer" Standard**

"In this circuit, the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard." *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988) (citing *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982)). "This objective standard 'ensures that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous.'" *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)). The "standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997). "[T]he unsophisticated consumer is to be protected against confusion, whatever form it takes." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).

**2. The Debt Validation Notice**

"The Fair Debt Collection Practices Act is an extraordinarily broad statute. Congress addressed itself to what it considered to be a widespread problem, and to remedy that problem it crafted a broad statute." *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). "To ensure that debt collectors give consumers adequate information concerning their legal rights, section 1692g(a) requires that the initial communication with a consumer in connection with a debt contain: (1) the amount of the debt; (2) the name of the creditor; (3) a statement that [unless] the consumer, within thirty days after receipt of the

notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer disputes the debt, the debt collector will mail the consumer verification of the debt or a copy of a judgment; and (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." *Terran*, 109 F.3d at 1431; 15 U.S.C. § 1692g(a)(1)-(5). "Paragraphs 3 through 5 of section 1692g(a) contain the validation notice—the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

> A "validation notice" is required by law to be present in letters seeking to collect debts. FDCPA, 15 U.S.C. § 1692g. Essentially, the notice required by § 1692g must tell the target that she has 30 days to dispute the validity of all or a portion of the debt. If not disputed, the collector may assume the debt to be valid.

*Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). "A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message." *Id.*

**3. The Debt Validation Notice Must Be Effectively Conveyed to the Debtor**

"The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor. Furthermore, to be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Swanson*, 869 F.2d at 1225.

"There are numerous and ingenious ways of circumventing § 1692g under a cover of a technical compliance." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 485 (4th Cir. 1991). Moreover, "it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett*, 128 F.3d at

500.

**4. Defendants Violated 15 U.S.C. § 1692g(a)(3) by Failing to Send Plaintiff a Written Notice Containing a Statement That Unless Plaintiff, Within 30 Days after Receipt of the Notice, Disputes the Validity of the Debt, or Any Portion Thereof, the Debt Will Be Assumed to Be Valid by Defendants.**

In this case, Defendant's initial collection communication did not contain the notice required by 15 U.S.C. § 1692g(a)(3). As stated above, the notice required by § 1692g(a)(3) must convey to the least sophisticated debtor:

> . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]

15 U.S.C. § 1692g(a)(3).

Interpreting the statute so as "to give each word some operative effect," *Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 209 (1997) (citing *United States v. Menasche*, 348 U.S. 528, 538-539 (1955)), there are five component parts in § 1692g(a)(3) with which a debt collector must comply. To comply with § 1692g(a)(3), the initial collection communication from the debt collector must include: 1) a statement that unless the consumer; 2) within thirty days after the receipt of the notice; 3) disputes the validity of the debt; 4) or any portion thereof; 5) the debt will be assumed valid by the debt collector. "Congress included the[se] debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights." *Miller*, 943 F.2d at 484.

Defendant's initial collection communication contained the following language:

> If I do not hear from you within 30 days, I will assume that your debt to SANTA CLARA COUNTY CREDIT UNION is valid.

A straightforward reading of the above quoted language in the Defendant's initial collection letter, it is clear that the notice is missing 2 ½ of the above recited five component parts required by § 1692g(a)(3).

The language in Defendant's collection notice quoted above, does not notify the least

sophisticated debtor that s/he may dispute the validity of the debt nor does it notify the least sophisticated debtor that s/he may dispute only a portion of the debt or that s/he must do so within thirty days "after the receipt of the notice."  In *Baker v. GC Servs.*, the Ninth Circuit Court of Appeals held that the failure to inform the debtor that a portion of the debt may be disputed violated § 1692g(a)(3). *Baker*, 677 F.2d at 778.

> While debt collectors are not required to quote directly from the language of the statute in their debt validation notices, they are required to provide the least sophisticated debtor with a **nondeceptive statement** that unless the consumer disputes the validity of the debt within the statutory period, the debt will be assumed to be valid for collection purposes.

*Smith v. Hecker*, 2005 U.S. Dist. LEXIS 6598, *14 (E.D. Pa. Apr. 18, 2005) (emphasis added).

As explained above, Defendants failed to send Plaintiff a written notice containing a statement that unless Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants.  This states a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3).

**5.     Defendants Violated 15 U.S.C. § 1692g(a)(4) by Failing to Send Plaintiff a Written Notice Containing a Statement That If Plaintiff Notifies Defendants *in Writing* Within the Thirty-day Period That the Debt, or Any Portion Thereof, is Disputed, Defendants Would Obtain Verification of the Debt and That a Copy of the Verification Would Be Mailed to Plaintiff.**

In this case, Defendant's initial collection communication did not contain the notice required by 15 U.S.C. § 1692g(a)(4).  As stated above, the notice required by § 1692g(a)(4) must convey to the least sophisticated debtor:

> . . . a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]

15 U.S.C. § 1692g(a)(4).

Defendant's initial collection communication contained the following language:

> Please be advised that if you notify my office within 30 days that all or a part of your obligation or judgment to SANTA CLARA COUNTY FEDERAL CREDIT UNION is disputed, then I will mail to you written verification of the obligation or judgment and the amounts owed to SANTA CLARA COUNTY FEDERAL CREDIT UNION.

This sentence fails to inform the consumer that they must dispute the debt *in writing* to preserve their right to receive verification of the debt. The court in *McCabe v. Crawford & Company*, 272 F. Supp. 2d 736 (N.D. Ill. 2003) found a violation of § 1692g(a)(4) in a collection letter that read in relevant part:

> Unless we hear from you within thirty (30) days after the receipt of this letter disputing this claim, Federal Law provides that this debt will be assumed to be valid and owing. In the event you contact us and dispute the charges owed, we will promptly furnish you with any and all documentation to substantiate the claim.

*Id*. The court held that:

> Section 1692g(a) dictates that the debt collector shall send the consumer a *written* notice stating that upon written notification of a dispute, verification *must* be provided by the debt collector. 15 U.S.C. § 1692g(a)(4). [Debt collector] correctly asserts that § 1692g(a)(4) does not expressly prevent the debt collector from providing verification of the debt upon *oral* notification of the dispute. However, [debt collector] misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt. *See Fasten v. Zager*, 49 F. Supp. 2d 144, 149 (E.D.N.Y. 1999) (holding that the debt collector was not required to obtain verification upon oral notification of the dispute). Thus, by omitting the words "in writing," [debt collector] did not effectively convey to the consumer his rights under the FDCPA and thus violated the Act.

*Id*. at 738 (emphasis in original).

In this case, Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff. This states a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(4).

**6.      Defendants Violated 15 U.S.C. § 1692g(a)(5) by Failing to Send Plaintiff a Written Notice Containing a Statement That Upon Plaintiff's *Written* Request Within the Thirty-day Period, Defendants Would Provide Plaintiff with the Name and Address of the Original Creditor, if Different from the Current Creditor.**

In this case, Defendant's initial collection communication did not contain the notice required by 15 U.S.C. § 1692g(a)(5).  As stated above, the notice required by § 1692g(a)(5) must convey to the least sophisticated debtor:

> . . . a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(5).

Defendant's initial collection communication contained the following language:

> In addition, upon your request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

As explained above, Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request within the thirty-day period, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor.  This states a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(5).

**7.      The FDCPA Assigns Lesser Rights to Debtors Who Orally Dispute a Debt and Greater Rights to Debtors Who Dispute it in Writing**

It is important that unsophisticated debtors are not misled regarding their right to dispute the debt orally, as the FDCPA assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing.

In *Camacho v. Bridgeport Financial Inc.*, the Ninth Circuit Court of Appeals explained that, "[t]he plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute."  523 F.3d 1078, 1081 (9th Cir. 2005).  The Ninth Circuit went on to explain

that, "the FDCPA's statutory scheme, [] assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id*.

**8. Defendants Violated 15 U.S.C. §§ 1692e and 1692e(10) by Misrepresenting Plaintiff's Right to Dispute the Debt, Right to Obtain Verification of the Debt and Right to Obtain the Name and Address of the Original Creditor.**

As explained above, Defendants have violated 15 U.S.C. § 1692g(a)(3)-(5) by misrepresenting Defendant's right to dispute the debt, to obtain verification of the debt and to obtain the name and address of the original creditor. These are all false representations made while attempting to collect a debt, and therefore a violation of 15 U.S.C. §§ 1692e and 1692e(10). *See*, *Vera v. Trans-Continental Credit & Collection Corp.*, 1999 U.S. Dist. LEXIS 3464, *10 (S.D.N.Y. Mar. 23, 1999) ("For essentially the same reasons that I conclude that the debt validation notice violates § 1692g(a)(3), I also conclude that the notice violates § 1692e(10)."); *Tipping-Lipshie v. Riddle*, 2000 U.S. Dist. LEXIS 2477, *10 (E.D.N.Y. Mar. 1, 2000) ("misleading validation notice violates both sections 1692g and 1692e(10)").

"[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act. Because the initial collection notice in the instant case was reasonably susceptible to an inaccurate reading, it was also deceptive within the meaning of the Act." *Russell*, 74 F.3d at 35 (citing *Clomon*, 988 F.2d at 1319 and *Pipiles v. Credit Bureau, Inc*., 886 F.2d 22, 25 (2d Cir. 1989).

**B. PLAINTIFF SHOULD BE AWARDED $1,000 UNDER 1788.30(B).**

The Cal. Civil Code § 1788.30 states that the debt collector who fails to comply with any provision is liable to such debtor in an amount equal to his/her actual damages, and in the case of a debt collector who willfully and knowingly violates the RFDCPA, the Court may award a penalty in an

amount not less than $100 nor greater than $1,000. Cal. Civil Code § 1788.30(b).

In this case, Defendants have willfully and knowingly violated Cal. Civil Code § 1788.17 which incorporates by reference most of the provisions of the federal FDCPA and is remedied by the statutory penalty provisions of Cal. Civil Code § 1788.30(b). Defendants, as explained above, violated Cal. Civil Code § 1788.17, by violating 15 U.S.C. § 1692g(a)(3)-(5). Thus, the Court should award Plaintiff the full $1,000 statutory award under Cal. Civil Code § 1788.30.

**C. PLAINTIFF SHOULD BE AWARDED $1,000 IN STATUTORY DAMAGES PURSUANT TO CAL. CIVIL CODE § 1788.17.**

Cal. Civil Code § 1788.17 provides that:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section1692a of Title 15 of the United States Code or that person's principal.

Cal. Civil Code § 1788.17.

This Court has held that a violation of the FDCPA is also a violation of Cal. Civil Code § 1788.17. *Alkan v. Citimortgage, Inc.,* 336 F. Supp. 2D 1060, 1065 (N.D. Cal. 2004), and *Daniel Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. February 22, 2005). The monetary remedy for a violation of Cal. Civil Code § 1788.17 is the same amount as the remedy provided under 15 U.S.C. § 1692k – $1,000. *Abels v. JBC,* 227 F.R.D. 541, 548 (N.D. Cal. 2005) ("A strict reading of Civil Code 1788.17 clearly paves way for CA FDCPA violators to be subjected to the same remedies articulated in 15 U.S.C. 1692k."). Therefore, Plaintiff should be awarded $1,000 in statutory damages pursuant to Cal. Civil Code § 1788.17.[20]

[20] It is also important to note that, in the paragraph quoted above, the California Legislature specifically carved out requirements under § 1692e(11) and § 1692g, which are certain notice requirements traditional *debt collectors* (collecting debts on behalf of another) must comply with, but retained an exemption to such notice requirements for *original creditors* (collecting debts on their own behalf). But, at the same time the legislature left in the entire remedial scheme of 15 U.S.C. §

**D. BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED THEIR INTENT THAT THE REMEDIES TO VIOLATIONS OF THE FDCPA BE CUMULATIVE.**

Cal. Civil Code § 1788.32 states that:

> The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

Thus, a violation of the federal statute can lead to damages under the federal FDCPA and a violation of the California statute leads to damages under the RFDCPA.[21] Indeed, the FDCPA expressly states:

> [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the law of any State with respect to debt collection practices, except to the extent that those laws are in consistent with any provision of this subchapter, and then only to the extent of the inconsistency.

15 U.S.C. § 1692n.

Moreover, courts, both within and outside the Ninth Circuit, have allowed statutory damages under both federal and state consumer protection statutes. *Sakuma v. First National Credit Bureau*, 1989 U.S. DIST. LEXIS 19120 (D. HI. November 15, 1989), *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. OH. 2004), and *Chapman v. ACB Business Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997). Thus, this Court should not be reluctant to assess the maximum possible statutory damages under both federal and state law. As this Court has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including an expansion of the statutory damages available under the state law. *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (The mandatory

---

1692k, including the $1,000 statutory damage remedy. Had the California Legislature wanted to carve out the $1,000 statutory remedy from Cal. Civil Code § 1788.17 they certainly knew how to do so, but they chose not to. Thus, they intended to provide consumers a remedy separate and in addition to the remedy afforded under Cal. Civil Code § 1788.30 and 15 U.S.C. § 1692k.

[21] Indeed, 15 U.S.C. § 1692n states that the federal law does not exempt or affect any person from complying with the law of any State with respect to debt collection practices, unless those laws are inconsistent with the federal FDCPA, and then only to the extent of the inconsistency.

language in the amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little doubt as to the intent of the legislature to broaden the remedies for RFDCPA).

Additionally, this Court has concluded, rather than drafting new language to the RFDCPA, the legislature simply incorporated entire sections by reference. *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004). Indeed, this Court has stated "California simply incorporated by reference the text of certain federal provisions into the CFDCPA, rather than copying them verbatim into the California code. Any resulting liability, however, remains a state claim." *Id.* In a separate case, this Court then went on to hold a violation of 15 U.S.C. § 1692g was also a violation of Cal. Civil Code § 1788.17. *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773 at *15 (N.D. Cal. February 22, 2005). Thus, by incorporating 15 U.S.C. § 1692k by reference (and its statutory damages of $1,000), the California legislature chose to make the additional $1,000 available, as a matter of state law, when it enacted Cal. Civil Code § 1788.17.

**E. PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES**

Both the federal FDCPA and California RFDCPA direct a court to award attorney's fees to a prevailing consumer. 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.30(c). As the Ninth Circuit acknowledges, "the FDCPA's statutory language makes an award of fees mandatory." *Camacho*, 523 F.3d at 978 (citation omitted).

**1. Computation of Reasonable Attorney's Fees**

The accepted method of calculating attorney's fees for FDCPA cases is the lodestar method. *Id.* Under the lodestar method, the trial court determines the number of hours reasonably spent by counsel on the case and the reasonable hourly compensation for each attorney. *Id.*; *See also*, *Serrano v. Priest*, 20 Cal. 3d 25, 48-49 (Cal. 1997) (Serrano III). Multiplying the hours reasonably worked by the reasonable hourly rate produces a figure known as the lodestar.

**2. The Number of Hours Claimed by Plaintiff's Attorney is Reasonable**

The initial step in computing the lodestar amount is calculating the reasonable hours that counsel worked on the case. Where a plaintiff has prevailed, her attorneys should recover a fully compensatory fee. A full compensatory fee will encompass all hours reasonably spent on the matter. The reasonable hours will generally include all time spent on pre-trial matters, settlement negotiation, discovery, litigation tactics and the trial itself.

In this case, the Plaintiff seeks compensation for a total of 7.9 of the 8.1 hours which her advocates devoted to this case to date.

**3. The Hourly Rate Claimed By Plaintiff's Attorney Is Reasonable**

The second step in calculating the lodestar amount is determining a reasonable hourly rate. When determining whether the rate is reasonable, courts consider an attorney's skill, experience and expertise; the nature of the work performed; the attorney's customary billing rate; and the prevailing market rates charged by attorneys of similar skill and experience for comparable services in the community.

The rates charged by counsel in this case are more than reasonable in light of his skill, experience and expertise,[22] and the prevailing market rates charged by attorneys and advocates of similar skill and experience.

**4. Lodestar Amount**

The final step in calculating the fee portion of the lodestar amount is multiplying the hours reasonably worked by the reasonably hourly rate. As demonstrated by Declaration of Fred W. Schwinn and the attached time records, Plaintiff's attorney's office has expended 7.9 hours, and $414.85 in costs, in the prosecution of this matter, and that they should be awarded $3,179.85 for that time and expense.

/ / /

[22] See Declaration of Fred W. Schwinn filed herewith.

## CONCLUSION

Why would a debt collector feel the need to modify the validation notice in the way this debt collector has done? It is fair to assume that there is some reason. Could it be to confuse unsophisticated consumers about their rights "under a cover of technical compliance[?]" *Miller*, 943 F.2d at 485.

> In judging the actions of a debt collector, we invariably ask whether the information it provided was or its actions were confusing or misleading. Quite simply, we seek to ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. That goal—and, therefore, the least sophisticated debtor standard—is no less important or relevant when considering the actions of the debtor than when considering the actions of a debt collector. Most important, **because the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk. As we have oft repeated, it does not seem "unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line."**

*Clark*, 460 F.3d at 1171-1172 (quoting *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393, 85 S. Ct. 1035, 13 L. Ed. 2d 904 (1965)) (internal citations omitted) (emphasis added).

The purpose of statutory penalties is to deter the kind of unlawful conduct which occurred in this case. As explained in the preceding sections of this memorandum, Defendant's violations of the federal FDCPA and California RFDCPA were numerous, knowing and intentional. For all the reasons stated above, Plaintiff requests an award of $3,000.[23]

Additionally, Plaintiff should be awarded attorney's fees for all the time reasonably expended and the costs incurred in the case. Plaintiff's attorney has demonstrated that he reasonably expended 7.9 hours in the prosecution of this matter, and that he should be awarded $3,465.00 for that time, and $450.37 in advanced expenses.

Therefore, the total amount of the Judgment in this matter should be $6,915.37. A proposed

[23] $3,000 in statutory damages and penalties under the FDCPA and RFDCPA.

Judgment is attached to this motion for the Court's use and convenience.

CONSUMER LAW CENTER, INC.

Dated: August 30, 2011

By: /s/ Fred W. Schwinn

Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
LASHANNA L. PATTON