UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LASHANNA L. PATTON,<br><br>  Plaintiff,<br><br> v.<br><br>PROBER & RAPHAEL, A LAW CORPORATION, a California corporation; DEAN RUSSELL PROBER, individually and in his official capacity; and HOMAN MOBASSER, individually and in his official capacity,<br><br>  Defendants. | Case No. 11-cv-1458 PJH (NC)<br><br>**REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 16 |

Plaintiff Lashanna L. Patton brings this action against Prober & Raphael, a Law Corporation, and individuals Dean Russell Prober and Homan Mobasser for alleged violations of the Federal Fair Debt Collection Practices Act (FDCPA), and the California Rosenthal Fair Debt Collection Practices Act (Rosenthal Act). Plaintiff moves for final default judgment against all Defendants, seeking an award of statutory damages, attorneys' fees, and costs. The Court, finding this matter suitable for disposition without a hearing under Civil Local Rule 7-1(b), recommends that the motion for default judgment be GRANTED, and that judgment be entered against Defendants in a total amount of $4,915.37.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff alleges she is an individual "consumer," as defined by 15 U.S.C. § 1692a(3), and "debtor," as defined by Cal. Civ. Code § 1788.2(h). Complaint, Dkt. No. 1 at ¶ 6. Plaintiff asserts that Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c). *Id.* at ¶¶ 7-9.

Plaintiff alleges she incurred a "debt," defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(b), relating to a consumer automobile loan with Santa Clara County Federal Credit Union on or about October 1, 2007. *Id.* at ¶ 11. The debt was later transferred to Defendants for collection purposes. *Id.* at ¶ 12. On July 29, 2010, Defendants sent Plaintiff a collection letter, an alleged "communication" as defined by 15 U.S.C. § 1692a(2). *Id.* at ¶ 13.

The collection letter states in relevant part:

> Please be advised that if you notify my office within 30 days that all or a part of your obligation or judgment to SANTA CLARA COUNTY FEDERAL CREDIT UNION is disputed, then I will mail to you written verification of the obligation or judgment and the amounts owed to SANTA CLARA COUNTY FEDERAL CREDIT UNION. In addition, upon your request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor. If I do not hear from you within 30 days, I will assume that your debt to SANTA CLARA COUNTY FEDERAL CREDIT UNION is valid.

Cmplt. at ¶ 17. The collection letter further states:

### CONSUMER DISCLOSURE

> This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify SANTA CLARA COUNTY FEDERAL CREDIT UNION's attorneys within 30 days that all or a part of your obligation or judgment to SANTA CLARA COUNTY FEDERAL CREDIT UNION is disputed, the SANTA CLARA COUNTY FEDERAL CREDIT UNION's attorneys will mail to you a written verification of the obligation or judgment and the amounts owed to SANTA CLARA COUNTY FEDERAL CREDIT UNION. In addition and upon your request within 30 days of receipt of this letter, I will provide you with the name and address of the original creditor, if different from the current creditor.

Cmplt. at ¶ 18. Plaintiff asserts that Defendants violated the FDCPA and the Rosenthal Act in that they: (1) misrepresented Plaintiff's right to dispute the debt; (2) failed to include a written notice containing a statement that unless Plaintiff, within 30

days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed valid by Defendants; (3) misrepresented Plaintiff's right to obtain verification of the debt; (4) failed to include a written notice containing a statement that if the Plaintiff notified the Defendants in writing within the 30 day period that the debt, or any portion thereof, was disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff; (5) misrepresented Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor; (6) and failed to include a written notice containing a statement that upon the Plaintiff's written request within the 30 day period, the Defendants would provide the Plaintiff with the name and address of the original creditor. Cmplt. at ¶¶ 27, 35.  Plaintiff asserts the above violations entitle her to an award of statutory damages in addition to attorneys' fees and costs under 15 U.S.C. § 1692k and Cal. Civ. Code §§ 1788.17 and 1788.30(b)-(c). *Id.* at ¶¶ 29, 37-39.

On April 28, 2011, Defendants each executed a waiver of the service of summons, acknowledging that a response to the Complaint or motion under Fed. R. Civ. P. 12 was to be filed by June 1, 2011, 60 days from the date the requested waivers were sent to Defendants.  Dkt. Nos. 4, 5, and 6.

After Defendants failed to file a responsive pleading, the clerk entered default as to all Defendants under Fed. R. Civ. P. 55(a) on June 8, 2011.  Dkt. No. 11.

On August 30, 2011, Plaintiff filed a Motion for Default Judgment against all Defendants as to Plaintiff's claims for violations of the FDCPA and the Rosenthal Act. Dkt. No. 16.  The District Court referred the Motion to a Magistrate Judge for this report and recommendation.  Dkt. No. 17.

Plaintiff seeks a total award of $6,915.37, consisting of $3,000.00 in statutory damages and penalties for FDCPA and Rosenthal Act violations, $3,465.00 in attorneys' fees, and $450.37 in costs.  *Id.* at 17.  No response to Plaintiff's Motion for Default Judgment is on record.

## II.  STANDARD OF REVIEW

A default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). After entry of default, a court may grant default judgment on the merits of the case. Fed. R. Civ. P. 55(b). At the default judgment stage, the factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Although well-pleaded allegations are admitted by a defendant's failure to respond, facts not contained in the pleadings and claims which are legally insufficient are not established by default. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

In considering whether to enter a default judgment, a district court first must determine whether it has jurisdiction over the parties and the subject matter. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court has such jurisdiction, it then may consider the following factors in deciding whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

After entitlement to default judgment is ascertained, the court must determine the terms of the judgment to be entered. While the well-pleaded factual allegations of a complaint are sufficient to establish a defendant's liability for default judgment, the allegations regarding the amount of damages suffered are not controlling. *Geddes*, 559 F.2d at 560. The plaintiff has the burden of proving damages through testimony, written affidavit, or other relevant evidence. *See Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

///

# III.  DISCUSSION

## A.        Personal and Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as Plaintiff alleges Defendants' engaged in conduct which violates the FDCPA, 15 U.S.C. § 1692 *et seq.*  Supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367(a).

The Court also has personal jurisdiction over Defendants.  According to Plaintiff's Complaint, Prober and Raphael is a California corporation with its sole office located in Woodland Hills, California.  Cmplt. ¶ 7.  Individual defendants Prober and Mobasser are both licensed attorneys within the state of and residing in California.  Cmplt. ¶¶ 8-9.  The Court may therefore exercise personal jurisdiction.

A court must also "assess the adequacy of the service of process on the party against whom default is requested" under Fed. R. Civ. P. 4.  *Bd. Of Trustees of N. Cal. Sheet Metal Workers v. Peters*, No. 00-cv-00395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Dec. 29, 2000).  Here, Defendants each executed a waiver of the service of summons on April 28, 2011, acknowledging that a response to the Complaint or motion under Fed. Civ. R. P. 12 was to be filed by June 1, 2011.  Dkt. Nos. 4, 5, and 6.  Accordingly, service upon Defendants was properly executed.

## B.        The *Eitel* Factors

### (1)  Factor One: Prejudice to Plaintiff if Default is Denied

The first factor the Court examines is the possibility of prejudice to a plaintiff if default judgment is not granted.  *Eitel*, 782 F.2d at 1471.  Here, Plaintiff would face potential prejudice in the absence of entry of default judgment as Plaintiff would be without another recourse for recovery.

### (2)  Factors Two and Three: Merits of Plaintiff's Claim and Sufficiency of the Complaint

The Court next looks at the merits of the Plaintiff's substantive claims and the sufficiency of the complaint together due to the relatedness of the two inquiries.

Upon review of Plaintiff's Complaint, her Motion for Default Judgment, and related declarations and exhibits, the Court finds that the Plaintiff has established a valid claim for recovery under the FDCPA and the Rosenthal Act.

### (a) The FDCPA Violations

Plaintiff alleges that Defendants violated FDCPA § 1692e, specifically § 1692e(10), and § 1692g(a)(3)-(a)(5).

To establish a violation of the FDCPA, one need only show that: (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant collecting the "debt" is a "debt collector" as defined by the FDCPA, and (3) the defendant has engaged in any act or omission in violation of the Act. In the Ninth Circuit, FDCPA violations are determined under the "least sophisticated debtor" standard. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1989). This is an objective test which "is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997) (quoting *Swanson*, 869 F.2d at 1227)).

Section 1692g sets forth debt validation requirements that debt collectors must follow. It states, in relevant part, that unless a debt has been paid or such information is contained in the original communication, a debt collector shall send the consumer a written notice containing the following: "(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a)(3)-(5).

Here, the statement "if you notify my office within 30 days that all or a part of your obligation or judgment . . . is disputed, then I will mail you written verification" fails to inform the least sophisticated debtor that she may dispute the validity of all or a portion of the debt. *See Baker v. G. C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982) (failure to inform the debtor that a portion of the debt may be disputed held to violate Section 1692g(a)(3)).

The "consumer disclosure" section of the letter states, "If I do not hear from you within 30 days, I will assume that your debt . . . is valid." Cmplt., Exh. 1. The "if I do not hear from you" language also fails to notify the Plaintiff of her right to dispute the validity of the debt, or any portion of the debt, in violation of Section 1692g(a)(3). *Baker*, 677 F.2d at 778.

The "consumer disclosure" section further violates the statute as it fails to inform Plaintiff that protection under the FDCPA is only provided if her statement of dispute regarding the debt is in writing and that her request for the name and address of the original creditor must be in writing. 15 U.S.C. § 1692g(a)(4)-(a)(5). By omitting the words "in writing," Defendants failed to effectively convey to the consumer her rights under the FDCPA.

A debt collector is prohibited from making false or misleading statements in connection with the collection of any debt. 15 U.S.C. § 1692e. Under the least sophisticated consumer standard, Plaintiff has pled a legally sufficiently claim that Defendants violated Section 1692e and is, accordingly, entitled to damages.

### (b)  The Rosenthal Act Violations

Plaintiff further contends that, because Defendants' letter violates Section 1692 of the FDCPA, it must necessarily be found in violation of the Rosenthal Act. Dkt. No. 16 at 13. Under the Rosenthal Act: "[E]very debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17. Plaintiff claims the collection letter

contains language that is clearly in violation of this statute and, because Section 1788.17 of the Rosenthal Act incorporates Section 1692k, which provides strict liability as the standard of law, judgment should be entered in Plaintiff's favor. Dkt. No. 16 at 5. The Court finds Plaintiff is entitled to judgment on the issue of Defendants' liability under the Rosenthal Act. *See Edstrom v. All Servs. & Processing*, No. 04-cv-01514 BZ, 2005 U.S. Dist. LEXIS 2773, at *16-17 (N.D. Cal. Feb. 22, 2005) (finding that defendant's violations of Section 1692g of the FDCPA also constituted violations of the Rosenthal Act).

### (3) Factor Four: Sum of Money at Stake in Action

Next, the Court looks at the sum of money at stake in the action. *Eitel*, 782 F.2d at 1472. This factor is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake. *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986). Plaintiff seeks statutory damages in the amount of $3,000, plus $3,465.00 in attorneys' fees, and $450.37 in costs. The Court finds an award of the requested amount does not mitigate against the entry of a default judgment. *See, e.g., Geller v. World Tech*, No. 11-cv-01732 EJD, 2011 U.S. Dist. LEXIS 132988, at *5-6 (N.D. Cal. Nov. 17, 2011) (Court finding default judgment award of $106,228.26 to be modest compared to the amount awarded in *Eitel*).

### (4) Factor Five: Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor is the possibility of a dispute concerning material facts. Plaintiff attached a copy of Defendants' collection letter as Exhibit 1 to her Complaint. Cmplt., Exh. 1. The statements in the letter are undisputed. Accordingly, the Court finds that Defendants have shown no dispute concerning material facts.

### (5) Factor Six: Whether Default Due to Excusable Neglect

The Court next examines whether the default was due to excusable neglect. The *Eitel* opinion makes clear that this factor is directed at determining whether the defendant had cause for neglecting to file a timely response to the complaint. *Eitel*, 782 F.2d at 1472. Defendants in this matter filed a waiver of service on April 28, 2011. Dkt. Nos. 4,

5, 6. With knowledge of the lawsuit established, Defendants have made no additional appearances in this case. Accordingly, there are no grounds upon which this Court can find that the default resulted from excusable neglect.

### (6) Factor Seven: Policy Favoring Decision on the Merits

Finally, the Court must make its determination in light of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1472. District courts have concluded with regularity that this policy standing alone is not dispositive, especially where a defendant fails to appear or defend itself in an action. *Geller*, 2011 U.S. Dist. LEXIS 132988, at *6. Although it is favorable to resolve cases on their merits, this case does not warrant a denial of default judgment solely on that ground.

### B.   Damages

Plaintiff seeks a total award of $6,915.37, which consists of: (1) $3,000 in statutory damages and penalties for violations of the FDCPA and the Rosenthal Act; (2) $3,465 in attorneys' fees; and (3) $450.37 in costs. Dkt. No. 16.

### (1) Statutory Damages

Plaintiff has made no claim for actual damages but instead seeks the maximum statutory damages awardable under the FDCPA and Rosenthal Act. Dkt. No. 16.

#### (a) FDCPA Section 1692k and Rosenthal Act Section 1788.30

Under the FDCPA, a plaintiff may recover statutory damages not exceeding $1,000. 15 U.S.C. § 1692k(a)(2)(A). In determining the amount of statutory fees to be awarded, courts consider the frequency and persistence of the noncompliance, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).

Under the Rosenthal Act, a plaintiff may recover statutory penalties, maximum of $1000, where debt collectors willfully and knowingly violate the Act. Cal. Civ. Code § 1788.30(b). Such damages may be awarded cumulatively to those awarded under the FDCPA. *See* 15 U.S.C. § 1692n (The federal law "does not exempt any person . . . from

complying with the laws of any State with respect to debt collection practices"); Cal. Civ. Code § 1788.32 ("The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.").

Plaintiff asserts that Defendants acted "intentionally," "knowingly," and "willfully" as required under the FDCPA and Rosenthal Acts. *See* Cmplt. The Complaint, however, references a single collection letter with no additional information as to "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The well-pleaded allegations of the Complaint also fail to address that Defendants acted "knowingly" and "willfully" as required by the Code. Cal. Civ. Code § 1788.30(b).

In light of the lack of factual allegations suggestive of repeated egregious conduct, the Court finds that Plaintiff is entitled to $500 in statutory damages for Defendants' violations of the FDCPA and $500 in statutory damages for Defendants' violations of the Rosenthal Act. *See Mejia v. Marauder Corp.,* No. 06-cv-00520 HRL, 2007 U.S. Dist. LEXIS 21313, at *33-37 (N.D. Cal. March 15, 2007) (awarding $350 in statutory damages despite a request for statutory maximums under FDCPA and Rosenthal Act).

### (b) Rosenthal Act Section 1788.17

Plaintiff seeks additional statutory damages under Cal. Civ. Code Section 1788.17. The Court finds that such an award is unwarranted. Section 1788.17 incorporates the FDCPA but does not allow for additional statutory damages as Plaintiff suggests; the cases Plaintiff cites for the proposition that both statutory damages and additional penalties are afforded under separate sections of the Rosenthal Act are inapposite. *See Edstrom*, 2005 U.S. Dist. LEXIS 2773, at *16-17 (violations of section 1692g of the FDCPA also constituted violations of the Rosenthal Act); *see also Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (Section 1788.17 amendment to the Rosenthal Act suggesting legislative intent was to broaden the remedies under Civil Code 1788.30(f) to provide for class actions). The maximum statutory damage amount allowable under the

Rosenthal Act for individual claimants is $1,000 per plaintiff. *Marseglia v. JP Morgan Chase Bank*, 750 F. Supp. 2d 1171, 1180 (S.D. Cal. 2010) (statutory damages under the Rosenthal Act are limited to $1,000 per plaintiff). Plaintiff's request for additional statutory damages under Cal. Civ. Code § 1788.17 is DENIED.

### (2) Attorneys' Fees and Costs

Where liability is found under the FDCPA, a plaintiff is statutorily entitled to attorneys' fees and costs. 15 U.S.C. § 1692k(a)(3). Under the Rosenthal Act, the prevailing debtor is entitled to costs of the action and reasonable attorneys' fees. Cal. Civ. Code § 1788.3(c).

Plaintiff seeks $3,465.00 for 9.9 hours of time expended to enforce liability under the FDCPA and Rosenthal Act. Declaration of Fred W. Schwinn in Support of Motion for Default Judgment, Dkt. No. 16-1.

Both the FDCPA and the Rosenthal Act allow for attorneys' fees on time "necessarily expended to enforce the liability" and costs to be awarded to a prevailing consumer. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). The FDCPA's statutory language makes an award of fees mandatory. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

### (a) Computation of Reasonable Attorneys' Fees

The Ninth Circuit calculates an award of attorneys' fees using the lodestar method, whereby a court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.*

A party seeking attorneys' fees bears the burden of demonstrating that the rates requested are in line with the prevailing market rate of the relevant community. *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Generally, the relevant community is the forum in which the district court sits. *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, affidavits of the "plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market

rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

To support the attorneys' fees sought, Plaintiff provides an itemized invoice detailing the attorney services rendered from March 17, 2011 to August 30, 2011; the hours worked in rendering those services, broken down by task; and the hourly rate billed by the attorney performing a particular task. Schwinn Decl., Exh. A at 4-5. This invoice represents that, between the above listed dates, the Consumer Law Center, Inc. billed Plaintiff the following amounts for work performed by attorney Fred W. Schwinn:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Fred W. Schwinn | $350 per hour | 9.9 | $3,465.00 |

Plaintiff requests that the Court calculate the lodestar using Mr. Schwinn's billing rate of $350 per hour. Dkt. No. 16-1. Mr. Schwinn states that this amount is comparable to the rates being charged by attorneys of similar experience and expertise in the San Francisco Bay Area's federal and state courts. After considering Mr. Schwin's declaration and supporting evidence, and reviewing the hours billed, the Court finds the hours and rates to be reasonable. Accordingly, the Court GRANTS Plaintiff's motion with regard to attorneys' fees in the amount of $3,465.

**(b) Costs**

Plaintiff claims that the Consumer Law Center, Inc. incurred costs and litigation expenses of $450.37 in prosecution of this matter. Dkt. No. 16-1. To support this claim, Plaintiff provided an itemized list of costs including photocopying expenses, filing fees, and postage. *See* Dkt. No. 16-2, Exh. A at 4-5. The Court GRANTS Plaintiff's motion with regard to costs in the amount of $450.37.

///

## IV.  RECOMMENDATION

For the foregoing reasons, this Court recommends that Plaintiff's motion for default judgment be GRANTED.  The Court awards Plaintiff $1,000 in total statutory damages under the FDCPA and Rosenthal Act, $3,465 in attorneys' fees, and $450.37 in costs, for a total award of $4,915.37.  This amount is awarded jointly and severally against Defendants.

Any party may serve and file specific written objections to this recommendation within fourteen days after being served with a copy.  Fed. R. Civ. P. 72(b); N.D. Civ. L.R. 72-3.  Failure to object within the specified time period may waive the right to appeal.

IT IS SO ORDERED.

DATED: January 13, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge